JOSEPH C. HART vs. SAMUEL S. TURNER — Appeal from Red River County.

The 23d section of the act of limitations of 1841 authorizes suits to be brought on certificates of headright which have been surveyed, but a survey unaccompanied by the certificate is not sufficient to support a suit.

*Martin*, for appellant.
*Morrill*, for appellee.

Mr. Justice LIPSCOMB delivered the opinion of court.

This suit was brought by the appellant to recover a tract of land. The plaintiff read to the jury the record of the surveyor's office for the county of Red River, for a survey made for Roger McCown, under which he claimed by purchase, under an order of sale made by the probate court to the administrator of McCown.

There was a good deal of other testimony, but as the statement of facts shows that the certificate was not produced [375] as evidence, showing the right under which the survey was made, it is not material to notice it.

There was a bill of exceptions to the opinion of the court, taken by the plaintiff's counsel to the admissibility of the defendant's testimony. Whether the judge erred or not, in admitting the testimony on the part of the defendant, cannot affect the result, as the plaintiff had not made out title, and the testimony offered by him ought to have been rejected. The 23d section of the act of limitations of 1841 authorizes suits to be brought *on a certificate of headright* that had been surveyed. The plaintiff offered the survey in evidence without producing the certificate, nor does it appear that he made any attempt to account for its absence.

The certificate ought to have been produced, as it may not have been valid. And he should have shown that the land had been surveyed according to law. Without affirming the opinion of the court below on the admissibility of the defendant's evidence, we have no hesitation in affirming the judgment.

---

[376] WILLIAM BREWER, use, etc., vs. EDWARD WEST — Writ of Error from Red River County.

An answer that sets up no defense and presents no issue to the jury should be treated as a nullity by the court. A verdict on such an answer is good for nothing.

This suit was brought in the name of William Brewer, for the use of Miles Reed, against Edward West, on a note in the following words:

"Six months after date we, or either of us, promise to pay William Brewer the sum of four hundred dollars, being the balance in full payment of a negro boy named Jack. Witness our hands and seals. Clarksville, 4th October, 1843.

  (Signed)       "EDWARD WEST, [SEAL.]
            "WM. R. REVIER." [SEAL.]